Donald A. Busch, Plaintiff-Appellee, v. United States Fire Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 65–67.

Second District.

January 13, 1966.

Thomas and Kostantacos, of Rockford, for appellant.

Pedderson, Menzimer, Conde & Stoner, of Rockford, for appellee.

MELVIN F. ABRAHAMSON, presiding.

This is an appeal from the judgment of the Circuit Court of Winnebago County wherein the court, after a bench trial, found in favor of plaintiff and against defendant for the sum of $1,000. The action was brought by the plaintiff on a third party beneficiary theory to recover the proceeds provided in a certain policy of insurance issued by defendant for medical payments for injuries allegedly arising upon the insured's premises. The defendant had issued prior to the occurrence out of which this action arose, a homeowner's insurance policy upon the residence of Dr. Chester Roe, located at 2104 Birchwood Street, Rockford, Illinois, which policy provided in part as follows:

"2. COVERAGE F—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury caused by accident, (a)

while on the premises with the permission of an insured, or (b) while elsewhere if such bodily injury, (1) arises out of the premises or a condition of the ways immediately adjoining, (2) is caused by the activities of an insured, (3) is caused by the activities of or is sustained by a residence employee and arises out of and in the course of his employment by an insured, or (4) is caused by an animal owned by or in the care of an insured."

The case was tried before the court without a jury.

On November 28th, 1961, the plaintiff, Donald A. Busch, lived with his family including his son, Mitchell, who was then 4 years old, at 1631 Sprucewood Drive, Rockford, Illinois. The Busch home was about 100 feet from the Roe residence. After lunch on said date, Dr. Chester Roe burned some rubbish, including several magazines, in an incinerator at the rear of his premises. He started the fire about one o'clock and left his home to return to his office at approximately one thirty o'clock. There were no flames about the incinerator when he left to return to his office and there was no fire outside the incinerator at that time. He does not remember whether he put the top on the incinerator, but believes he did so because the incinerator was a new one and the lid could be placed on it easily.

On the day in question, Dr. Roe's mother-in-law, Mrs. Kate Csaszar, arrived at the insured premises at about 12:45 p. m. to baby-sit with her grandchildren while their mother and father were absent. About 3:25 p. m. while the two older Roe children were in school and the younger child was taking a nap, Mrs. Csaszar, who was in the kitchen at the rear of the home, heard a scream. It came from the front of the Roe property. She rushed to the front of the house and found Mitchell Busch, the son of the plaintiff, standing next to the front garage

437

door at the southwest corner of the Roe home, with the clothing about his left leg ablaze. She extinguished the fire. The point on the insured's property where Mitchell was found was in a line with the incinerator and his home. A stipulation was entered into that Mitchell was burned and his medical expenses were in excess of $1,000.

It is defendant's contention that the evidence failed to show that the injuries suffered by plaintiff's son were sustained upon the insured's premises and that even if the evidence did show such fact, it was not proven that the child was on the premises with the permission of the named insureds and, therefore, the insurance coverage does not apply. As the claim herein is solely under the medical pay provisions of the policy, there is no question of negligence involved. The sole question is whether there was sufficient evidence to sustain the trial judge's conclusions that the injury occurred on the insured's premises and that the injured child comes within the coverage extended by the policy.

■ ■ Defendant cites many cases discussing the questions of the burden of proof and the burden of persuasion that plaintiff must meet. The facts testified to by the witnesses are undisputed. There was a fire in the doctor's incinerator. The boy was found between 80 and 100 feet from the incinerator on the doctor's property in a line with his home. When discovered, his clothing was afire.

Defendant in his brief states:

> "The only legal authority we have been able to find upon the term 'permission' and its meaning appears in 70 CJS 564. There it is stated that the term 'permission' implies consent, leave or license but gives no right."

From this point defendant then argues that the permission must have been express and given at the time the boy came upon the property. With this we do not

agree. We conclude that permission to be upon the property need not be express but may be implied from all the facts and circumstances. When the insured was asked whether Mitchell and other children had permission to play on his property, he answered:

> "That is sort of a hard one to answer. I suppose they did, but Mitchell and one or two others were the only ones who seemed to be around."

We believe that this plus the balance of the insured's testimony as to the frequency with which Mitchell came upon his property to play with his children was more than enough to sustain the trial judge's finding.

██ There is no direct evidence as to what caused the boy's clothing to catch fire and where he was when it did. The evidence is circumstantial. Circumstantial evidence, however, has long been accepted as sufficient to support either a jury's verdict or the finding of a judge. As was said in the case of Commerce Union Bank v. Midland Nat. Ins. Co., 53 Ill App2d 229, 241, and 242, 202 NE2d 688:

> "(8) Under the evidence in the record before us, the question presented for determination was whether or not Lionel Burkett intentionally caused the fire which did the damage to the tractor. This question was one of fact and not of law to be determined by the trial judge. Stein v. Girard Ins. Co. of Philadelphia, Pa., supra.
>
> "There were no eyewitnesses to the occurrence here in question and all of the evidence adduced at the trial of the case to prove that Lionel Burkett started the fire that damaged the tractor was circumstantial. (9) The trial judge saw and heard the witnesses, weighed the evidence, and found that defendants failed to prove their special affirmative defense of arson and we cannot say that this finding

of the trial judge is contrary to the manifest weight of the evidence."

██ ██ Any fact may be proved by circumstantial evidence as well as by direct evidence. A greater or lesser possibility leading on the whole to a satisfactory conclusion is all that is required to establish a controverted fact by circumstantial evidence. Jacobs v. Illinois Nat. Bank & Trust Co., 345 Ill App 30, 102 NE2d 182.

██ ██ We have examined the record and determined that there was sufficient evidence upon which the trial judge could base his finding and that his finding does not in any way appear to be against the manifest weight of the evidence. In such circumstances the Appellate Court should not substitute its judgment for that of the trier of the facts who heard the witnesses.

As our Supreme Court stated in Warner v. Gosnell, 8 Ill2d 24, 36, 132 NE2d 526:

> "The courts of this State have many times repeated that where a chancellor receives the evidence in open court and sees the witnesses and hears them testify, his findings will not be disturbed unless palpably wrong or manifestly erroneous."

For the reasons above stated, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN and DAVIS, JJ., concur.